# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| DONALD JACOBS, | * |
|    Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: |
| LOGISTICS MANAGEMENT INSTITUTE | * |
| | * |
|    Defendant. | * |

## **COMPLAINT**

COMES NOW Plaintiff, Donald Jacobs ("Plaintiff" or "Mr. Jacobs"), by counsel, and hereby seeks damages for discrimination, retaliation, and failure to accommodate based upon a disability under the Americans with Disabilities Act, 42 U.S.C. Section § 12101 *et seq*. ("ADA") against Defendant Logistics Management Institute ("Defendant" or "LMI").

### I.   INTRODUCTION

1. Plaintiff suffers from disabilities that substantially limit one or more of his major life activities, including but not limited to severe renal failure resulting from a traumatic injury sustained during Plaintiff's time in the Marine Corps. Because of these conditions Plaintiff is limited in his ability to stand, walk, sleep, and to perform other essential life activities. At all material times Plaintiff could perform the essential functions of his job as a Senior Acquisition Specialist for Defendant with reasonable accommodations.

2. In or about November of 2018 until on or about December 13, 2019, Plaintiff was employed by Defendant as a Senior Acquisition Specialist. Plaintiff frequently made

the commute to work from his home in the Richmond, Virginia area to Tysons Corner, Virginia, an approximately two (2) hour drive, despite working from home being a viable option for such a position.

3. Sometime after his hiring, Plaintiff had an appointment with his nephrologist, who informed him that such a long commute has been further straining his kidneys and liver and recommended that he either shorten his commute or eliminate it entirely.

4. On or around February 28, 2019, Plaintiff spoke with his supervisor, Michelle Kordell ("Ms. Kordell") and relayed the conversation he had with his nephrologist. During this conversation, Plaintiff provided documentation to Ms. Kordell to support his request for reasonable accommodation in the form of working from home.

5. On or around March 4, 2019 the aforementioned documents were also provided to Paula Parker ("Ms. Parker") of Defendant's Human Resources department. Plaintiff sent these documents to Ms. Parker in order to request that he be permitted to work remotely.

6. Defendant ultimately denied Plaintiff's request for reasonable accommodation, instead forcing him into taking personal leave

7. On or around March 28, 2019, Ms. Kordell approached Plaintiff stating that he would have to seek employment in a different position at LMI due to a "lack of expertise" that Ms. Kordell alleged was hurting his performance on the contract that Plaintiff was working at the time. Ms. Kordell alleged that an unnamed client had expressed dissatisfaction with Plaintiff's work performance, however, Plaintiff had not seen any clients since on or around March 5, 2019.

8. Plaintiff was put on bedrest shortly after his conversation with Ms. Kordell due to his physician's concerns that he would be exacerbating his health issues.

9. Ms. Kordell subsequently informed Plaintiff that should he not find other employment at LMI by April 5, 2019, she would be forced to terminate Plaintiff's employment.

10. Although Ms. Kordell told Plaintiff that he would have until April 5, 2019 to find other employment with LMI, Plaintiff received an email on or around April 1, 2019 from Kaylee Gibson ("Ms. Gibson") requesting that he return the supplies provided to him by Defendant through FedEx.

11. Despite Ms. Kordell's insistence that he seek further employment with LMI, obtaining a new full-time position at LMI would require that Plaintiff commute, at least in the beginning, to Defendant's Tyson's Corner office, two (2) hours away.

12. During discussions of Plaintiff's termination, Ms. Kordell offered Plaintiff only one (1) month of severance pay despite Plaintiff's reliance upon Defendant to provide health insurance.

13. On or around April 3, 2019, Plaintiff received a text message from a coworker stating that this coworker had heard that Plaintiff was removed from his contract with Defendant. Plaintiff had not spoken to this coworker about his discussions with Ms. Kordell regarding removal from his contract, nor had Plaintiff officially been removed from the contract by Ms. Kordell.

14. Despite LMI's threats to terminate his employment on April 5, 2019, Plaintiff continued to be employed by LMI until on or around December 13, 2019.

15. Around late October of 2019, a young woman was hired by Defendant as an Auditor. This woman was significantly younger than Plaintiff and not visibly disabled. Training took approximately two (2) weeks.

16. On or around December 13, 2019, Janna Hawthorne-Simons ("Ms. Hawthorne-Simons") informed Plaintiff that the project that he was working on for Defendant had had its funding cut, and that he could work eighty (80) hours for the months of December and January, respectively, to function as a transition period.

17. Plaintiff's Project Manager was Stephanie Yingling ("Ms. Yingling"). Despite Ms. Hawthorne-Simons informing Plaintiff that his project was losing its funding, Ms. Yingling informed Plaintiff that the project was fully funded for an additional two (2) years.

18. Defendant misled Plaintiff into believing that his project was losing funding as a false pretense to terminate his employment due to his disability.

19. At all material times Defendant was aware of Plaintiff's disabilities.

## II.   JURISDICTION AND VENUE

20. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

21. On or before May 3, 2019, Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging that Defendant failed to provide him with reasonable accommodations, discriminated against him because of his disabilities, and terminated his employment in violation of the ADA.

22. On June 12, 2020 the EEOC issued a Notice of Right to Sue Defendant for violation of the Americans with Disabilities Act.

23. On September 10, 2020 Plaintiff timely initiated the present action.

24. Defendant is and at all material times has been an employer of more than 15 employees within the meaning of the ADA, and regularly transacts business within this judicial district.

25. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Plaintiff was hired, employed, and terminated by Defendant within this judicial district.

### III.   PARTIES

26. Plaintiff is a citizen of the Commonwealth of Virginia residing in Beaverdam, Virginia.

27. Defendant is an employer of more than 500 employees and Defendant's principal office address is 7940 Jones Branch Drive, Tysons Corner, Virginia 22102.

### IV.   FACTS

28. Plaintiff hereby incorporates paragraphs 1 through 25 as if fully set forth herein.

29. Defendant terminated Plaintiff's employment in retaliation for his requests for a reasonable accommodation and because of his disabilities in violation of the ADA.

30. Defendant denied Plaintiff's requests for reasonable accommodations in violation of the ADA.

### V.   DEFENDANT'S SUBSTANTIVE VIOLATIONS OF THE ADA

31. Plaintiff hereby incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Defendant has violated the ADA as follows:

   a. Defendant terminated Plaintiff's employment in violation of the ADA (ADA 42 U.S.C. § 12101 *et seq.*).

b. Defendant discriminated against Plaintiff in violation of the ADA (ADA 42 U.S.C. § 12101 *et seq.*).

c. Defendant retaliated against Plaintiff in violation of the ADA's provision against retaliation for protected activity (ADA 42 U.S.C. § 12203 et seq).

## VI.     PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for the following relief:

a) WHEREFORE, the Plaintiff requests compensatory damages in an amount not to exceed $300,000 for the pain and suffering inflicted on him as a consequence of Defendant's discrimination against him because of his disability.

b) Plaintiff requests compensatory damages in an amount not to exceed $300,000 for the pain and suffering inflicted on him as a consequence of Defendant's retaliation against him because he engaged in protected activity under Title V of the Americans with Disabilities Act of 1990.

c) Plaintiff is entitled to punitive damages against the Defendant because it engaged in a discriminatory practice or discriminatory practices with malice ore with reckless indifference to his federally protected rights under Title V of the Americans with Disabilities Act of 1990.

d) Reasonable attorney's fees in an amount to be determined at trial.

e) Plaintiff is entitled to an award of back-pay in an amount to be determined at trial for his lost wages and benefits caused by the Defendant's unlawful conduct as described herein.

f) Plaintiff further prays for such additional relief as the interests of justice may require.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DONALD JACOBS
*By Counsel*


By: _____/s/_____
THOMAS F. HENNESSY (VSB No. 32850)
Counsel for Plaintiff
4015 Chain Bridge Road
Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net